IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RICK FRANCIS CRADDUCK,            )
                                  )    3:  10-cv-01372-PK
        Petitioner,               )
                                  )
    v.                            )
                                  )    FINDINGS AND RECOMMENDATION
RICK COURSEY,                     )
                                  )
        Respondent.               )

Nell Brown
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, Oregon   97204

    Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Lynn David Larsen
Attorney-In-Charge
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Rick Francis Cradduck brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his conviction and sentence for assault, unauthorized use of a vehicle, attempt to elude, driving under the influence of intoxicants, reckless driving and failure to perform the duties of a driver. For the reasons set forth below, the Petition for Writ of Habeas Corpus [2] should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On December 9, 2004, the Marion County Grand Jury returned an indictment charging Cradduck with two (2) counts of Assault in the Second Degree, one count of Unauthorized Use of a Motor Vehicle, one count of Fleeing or Attempting to Elude a Police Officer, one count of Driving While Under the Influence of Intoxicants, one count of Reckless Driving, and one count of Failure to Perform Duties of a Driver When Property is Damaged. Respondent's Exhibit 102. Following a bench trial, the court found Cradduck guilty on all charges and imposed a sentence totaling 216 months. Respondent's Exhibit 101.

Cradduck directly appealed his conviction and sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court, ultimately, denied review. State v. Cradduck, 218 Or. App. 229, 179 P.3d 752 (2008),

2 - FINDINGS AND RECOMMENDATION

rev. denied 346 Or. 116, 205 P.3d 888 (2009); Respondent's Exhibits 107-112.

Cradduck next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Cradduck v. Coursey, Umatilla County Circuit Court Case No. CV090172; Respondent's Exhibit 136. On appeal, the Oregon Court of Appeals affirmed without written opinion, and the Oregon Supreme Court denied review. Cradduck v. Hill, 237 Or. App. 211, 238 P.3d 1034 (2010), rev. denied S058754; Respondent's Exhibits 137-141.

On November 5, 2010, Cradduck filed this action. His claims can be summarized as follows:

1. Ground One: The trial court violated petitioner's right to Due Process when it denied his motion for a trial continuance at his February 10, 2005 hearing.

2. Ground Two: The trial court denied petitioner his Sixth Amendment right to counsel because petitioner's waiver of counsel was invalid and unintelligent.

    Supporting Facts: Petitioner's first attorney misrepresented the amount of blood involved in the victim's transfusion. Petitioner lost contact with his second attorney.

3. Ground Three: The PCR court violated petitioner's right to Due Process when it held that petitioner's claim of trial court error for failing to grant his motion for a continuance was barred on procedural grounds.

Respondent asks the Court to deny relief on the Petition because: (1) all the claims, except for a part of Ground Two, are procedurally defaulted, and the default is not excused; (2) any fairly presented claim was correctly denied on the merits in a

3 - FINDINGS AND RECOMMENDATION

state-court decision entitled to deference; and (3) all claims lack merit.

## DISCUSSION

### I. Unargued Claims

Cradduck fails to brief the merits of his Grounds One and Three claims in his counseled supporting memorandum. He makes no reference to a PCR Court due process claim. Moreover, with regard to Ground One he states:

> [E]ven though [I have] not preserved a separate claim regarding the denial of a continuance, **and [do] not now raise this as a separate claim**, the question of whether to grant additional time to effectuate a defendant's fundamental rights regarding counsel is part and parcel of the Sixth Amendment inquiry when, under the facts of the particular case -- as here -- the question of representation is "intertwined" with the denial of a continuance.

Memorandum in Support [25] at 15 (emphasis added). As noted above, the State contends these claims were never fairly presented to the Oregon courts and are now procedurally defaulted.

The Court has independently reviewed the record with regard to Cradduck's Grounds One and Three claims and determined that they would not entitle him to relief. On habeas review, a petitioner must show that the state court determination of his claims was contrary to or an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d). By not specifically advancing these grounds for relief in his supporting memorandum, Cradduck has failed to meet the burden of proof for habeas relief

4 - FINDINGS AND RECOMMENDATION

under § 2254(d). Accordingly, relief on these claims must be denied.

## II. Merits

### A. Standard of Review

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal

5 - FINDINGS AND RECOMMENDATION

principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

B.  **Analysis**

In his supporting memorandum, Cradduck contends the trial court violated his Sixth and Fourteenth Amendment rights when it accepted his waiver of counsel and allowed him to proceed at trial pro se. In addition, he argues that by accepting Cradduck's waiver without allowing him any additional time to prepare for trial, the trial court acted unreasonably under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The trial court held a hearing to resolve Cradduck's motion to proceed pro se on February 10, 2005, approximately three weeks prior to trial. The following exchange took place at that hearing:

> THE COURT: Okay. The next matter that we need to address, then, is Defendant's motion to proceed pro se. Mr. Cradduck, is that in fact your request is to represent yourself at trial?
>
> CRADDUCK: Yes, it is, Your Honor.
>
> THE COURT: Okay. As I'm sure you are aware, you do have a constitutional right to do so. However, I do need to make some somewhat careful inquiry before allowing you to do so because, obviously, if you appear pro se you are waiving your constitutional right to be represented by counsel and I need to insure that that is a knowing and voluntary waiver.

6 - FINDINGS AND RECOMMENDATION

I'll start by saying that, frankly, the courts tend to look a lot more carefully at whether a waiver of counsel was knowing and intelligent than at whether the Court erred by forcing you to have counsel. Probably because we tend to assume that you're a lot better off having an attorney than not having an attorney.

So tell me why it is that you want to represent yourself in this trial.

CRADDUCK: Well, Your Honor, I don't think there's anyone that has more interest in this trial than I do. I've already put a lot of time and effort and energy into it trying to determine the severity of the injuries themselves so I can make a clearer -- clearer presentation to the Court of the severity of the injury, how it's going to determine the severity of the crime itself. I have a lot of time over at the Marion County Law Library to do this. I feel that I have -- I would put a lot more effort and energy into it than any attorney could due to the lack of funds. I mean, it's quite a lengthy process. Basically, I feel that I can present this case to the Court so you'll have a clearer understanding of what's going on. That's why I want to represent myself.

\* \* \*

THE COURT: You understand, of course, that in this trial the State will be represented by counsel and so if you choose to represent yourself, you are choosing someone who is not an attorney to go up against the full power of the State represented by someone who is an attorney. You understand that?

CRADDUCK: Yes, I do.

\* \* \*

THE COURT: Okay. You understand that if I do [let] you represent yourself, you're going to trial on March 2nd. I'm not going to be allowing any continuances because you're representing yourself. Do you understand that?

CRADDUCK: I would object to that but yes, I do understand that.

THE COURT: And do you still want to represent yourself?

7 - FINDINGS AND RECOMMENDATION

CRADDUCK: Yes, I do. I would like to add one thing, Your Honor. I think it's important to know that, and you know already anyway, but the Measure 11 statutes, their explanation of the "fast-and-speedy rule" is 180 days for a licensed attorney. I feel I'm going to be prejudiced right from the gate if I only have three weeks to prepare this case.

THE COURT: Well, that would be a prejudice that you have elected by choosing to proceed without an attorney. You have counsel appointed and you have the right to not be prejudiced by having the assistance of counsel.

* * *

THE COURT: Okay. Well, Mr. Cradduck, I'm going to tell you quite frankly it's difficult for me to see that this is a knowing and intelligent waiver. Now, what I'll say is this: clearly you are coherent, you know what you want to do, you have some understanding of the process, you're not, you know, mentally ill or retarded or unaware of what's going on. In that sense, it's knowing and intelligent but I've got to tell you that I think you're crazy to go into a trial with these kinds of very, very serious charges against the full weight of the State and all of the State's ability to produce evidence and put on witnesses and be up against an attorney and try and represent yourself when, from what you're telling me yourself, you don't really know how the rules of evidence work. You don't really know what steps you have to go through in the courtroom if you want to present a particular document and have it introduced into evidence. You don't really know what procedures you would go through to figure out what instructions the jury is going to get. You know, you're facing some very serious time here and you're telling me, I mean -- that's like me saying, well, you know, I have no brakes in my car and I've never been a mechanic, and I've never even watched anybody work on a car, but, you know, I think in a couple of weeks I can learn enough to fix my car myself and drive it around and feel like I'm going to be safe. I mean, I just think you're doing yourself a real disservice if this is really what you want to do.

* * *

CRADDUCK: We have the right to represent ourself, right?

THE COURT: You have the right to represent yourself, absolutely. Just like I have the right to go fix my car, but that doesn't mean I know how to do it.

8 - FINDINGS AND RECOMMENDATION

\* \* \*

> THE COURT: Frankly, also, because if I let you represent yourself and you get convicted, the first thing you're going to do is file an appeal and say that judge never should have let me represent myself because I didn't know what the heck I was doing. So I want to make sure that you understand exactly what you're getting into and how much you don't know of what it is you're asking me to let you do.
>
> CRADDUCK: In respect to the -- I've already waived time and not being allowed to have any extra time to prepare, yes, I would think that is very, very true what you're saying. If I can prepare, I can present. If I can't prepare, I can't present.
>
> THE COURT: Well, I've already told you I am not giving you a continuance to represent yourself. That is not happening. So do you still want to represent yourself?
>
> CRADDUCK: Yes. Yes, I do.
>
> \* \* \*
>
> THE COURT: Okay. Well, I'm going to allow you to represent yourself and specifically my findings are: I think it's a poor decision and not one that I would recommend, but I think you understand what that decision is and I've certainly done my best to explain to you what you're up against. And you do have the right to waive counsel, so I'm going to allow you to represent yourself with Ms. Rieder as an adviser.

Respondent's Exhibit 103 at 3-15.

In addition, during the hearing, the trial court: (1) directed the prosecutor to advise Cradduck as to how much time he was facing (280-plus months); (2) got Cradduck to acknowledge that he had never been through a criminal trial and that he was unfamiliar with procedures surrounding the rules of evidence and jury instructions; (3) advised Cradduck that by proceeding pro se, his ability to file post-conviction claims based on ineffective assistance of counsel would be limited; (4) advised Cradduck that

9 - FINDINGS AND RECOMMENDATION

the court could make no promises related to his access to the law library at the jail; and (5) granted Cradduck's request that his attorney remain on the case as a legal advisor. Id.

Under the Sixth Amendment, a person facing criminal charges and the risk of incarceration is guaranteed the right to assistance of counsel at every critical stage of the proceeding. Gideon v. Wainwright, 372 U.S. 335 (1963). Critical stages of the criminal process include both trial and sentencing. Gardner v. Florida, 430 U.S. 349, 358 (1997). The right to counsel is fundamental and does not depend on a request by the defendant. Carnley v. Cochran, 369 U.S. 506, 513 (1962).

However, a person accused of a crime may choose to forego representation by waiving the right to counsel. Faretta v. California, 422 U.S. 806 (1975). "Waiver of the right to counsel, as of constitutional rights in the criminal process generally, must be a 'knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances.'" Iowa v. Tovar, 541 U.S. 77, 80 (2004)(quoting Brady v. United States, 397 U.S. 742, 748 (1970)). The Supreme Court has described the waiver of counsel as intelligent "when the defendant 'knows what he is doing and his choice is made with eyes open.'" Tovar, 541 U.S. at 88 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942)).

"Neither the Constitution nor Faretta compels the [trial] court to engage in specific colloquy with the defendant." Lopez v. Thompson, 202 F.3d 1110, 117 (9th Cir.), cert. denied, 531 U.S. 883

10 - FINDINGS AND RECOMMENDATION

(2000). Indeed, the Supreme Court noted "[w]e have not ... prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." Tovar, 541 U.S. at 88. Instead, "[t]he information a defendant must possess in order to make an intelligent election ... will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." Id.(citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). "[I]n a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel." Tovar, 541 U.S. at 92.

Here, the trial court thoroughly advised Cradduck of the dangers of self-representation and earnestly tried to convince him, in view of very serious charges and a lengthy prison term he faced, that given his lack of legal experience and knowledge, proceeding pro se would put him at a great disadvantage. The trial court also specifically and repeatedly advised Cradduck that it would not grant him a trial continuance. While Cradduck now argues that the court forced him to make a Hobson's choice between "proceed[ing] with an attorney in whom he lacked confidence or proceed[ing] alone with insufficient time to prepare," he provides the Court with no authority suggesting that an otherwise valid waiver of counsel is negated when a trial court advises a petitioner, *prior* to accepting the waiver, that it is not going to grant any trial continuances.

11 - FINDINGS AND RECOMMENDATION

Accordingly, a fair review of the record reveals that the trial court's determination that Cradduck knew what he was doing when he opted to proceed pro se was not contrary to or an unreasonable application of Tovar. On this record, Cradduck cannot demonstrate that the trial court's determination that he knowingly and intelligently waived his right to counsel, even in light of the fact that the trial court notified him that it would not grant any continuances, was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court or that it was based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings.

## RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus [2] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

In addition, the district judge should certify that Cradduck has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). This case is not appropriate for appellate review.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections

are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 29th day of August, 2012.

_____
Paul Papak
United States Magistrate Judge

13 - FINDINGS AND RECOMMENDATION